UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT L. KING,

          Plaintiff,

   v.

WHATCOM COUNTY,

          Defendant.

Case No. C15-0804-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Robert King is a Washington prisoner who is currently confined at the Monroe Correctional Complex. He brings this civil rights action under 42 U.S.C. § 1983 seeking monetary damages for an alleged violation of his due process rights while in the custody of Whatcom County. Whatcom County is the sole defendant in this action. Defendant now moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed no response to defendant's motion. The Court, having reviewed the pending motion to dismiss, and the balance of the record, concludes that defendant's motion to dismiss should be granted and that plaintiff's amended complaint and this action should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

REPORT AND RECOMMENDATION - 1

BACKGROUND

The operative complaint in this action is plaintiff's amended complaint which was presented to the Court for filing on June 26, 2015. (*See* Dkt. 11.) Plaintiff alleges therein that a Whatcom County policy which mandates that individuals confined at the Whatcom County Jail ("the Jail") wear a stun belt during trial violates state and federal law. (*See* Dkt. 11 at 5.) The policy is set forth in the handbook provided to inmates at the Jail. (*See id*.) Plaintiff does not claim that he was ever made to wear a stun belt. He asserts, however, that the mere existence of the policy violates his due process rights and that it was not necessary to wait to be placed in a stun belt before filing a claim for damages based on the alleged unconstitutional policy. (*Id*.) Plaintiff did, in fact, file a tort claim with Whatcom County on February 25, 2015 challenging the written policy. (*See id*. and Dkt. 6 at 7.)[1] On March 5, 2015, the County denied the claim, advising plaintiff that it did not anticipate the stun apparatus would be utilized by the Jail during plaintiff's trial unless ordered by the trial court. (*See id*.)

DISCUSSION

Defendants moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally

---

[1] Plaintiff submitted with his original complaint in this action a copy of the tort claim he filed with the County and a copy of the County's response denying the claim. (*See* Dkt. 6.)

REPORT AND RECOMMENDATION - 2

construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Defendant argues that plaintiff has failed to state a claim upon which relief may be granted because plaintiff did not suffer any constitutional deprivation or injury. Defendant maintains that plaintiff was never subjected to the challenged policy and that he was, in fact, specifically informed very soon after complaining about the policy by way of the tort claim filed with the County that a stun apparatus would not be utilized absent a court order. Defendant asserts that even if plaintiff's opposition to the written policy is well-founded, the mere existence of the policy is not sufficient to establish liability under § 1983. Defendant is correct.

A municipality cannot be held liable under § 1983 where no injury or constitutional violation has occurred. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) (citing *City of Los Angeles v. Heller* 475 U.S. 796, 799 (1986) (holding "[i]f a person suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental

REPORT AND RECOMMENDATION - 3

regulations might have authorized the use of constitutionally excessive force is quite beside the point.")). Plaintiff does not allege in his amended complaint that he was ever made to wear the stun belt, his claim is based solely on the existence of the written policy. There are simply no facts alleged in the amended complaint demonstrating that plaintiff suffered any constitutional injury related to the written policy. Accordingly, plaintiff has not stated a claim upon which relief may be granted under § 1983.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendant's motion to dismiss be granted, and that plaintiff's amended complaint and this action be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 4, 2015**.

DATED this 6th day of November, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4